**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1949
_____

UNITED STATES OF AMERICA

v.

EUGENE P. CUSHARD,

                                        Appellant

_____


On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 4-10-cr-00163-002)
District Judge:  Honorable Christopher C. Conner


_____

Submitted Under Third Circuit LAR 34.1(a)
October 24, 2011

Before: SLOVITER, GREENAWAY, JR., *Circuit Judges*
and POLLAK,[*] *District Judge*


(Filed:  December 5, 2011)
_____

OPINION
_____


SLOVITER, *Circuit Judge*.

---

[*] Hon. Louis H. Pollak, Senior Judge, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

Eugene P. Cushard pled guilty to receipt of stolen property in violation of 18 U.S.C. § 2315.[1]  As part of the plea agreement, the parties agreed that Cushard should receive a two-level credit for his minor role under U.S.S.G. § 3B1.2(b).  At sentencing, however, the District Court denied that request and sentenced Cushard to twenty-four months imprisonment, followed by a three-year period of supervised release.[2]  The District Court also ordered him to pay $769,762.64 in restitution.  Cushard appeals.

This appeal requires us to decide whether the Government breached the terms of its plea agreement in this appeal by taking the position that "the record in this case, including the relevant conduct, supported the district court's determination that Cushard was not less culpable than his wife."  Appellee's Br. at 5 n.2.  It also requires us to decide whether the District Court misinterpreted the Sentencing Guidelines when it denied the minor role adjustment.  Because we agree with the Appellant that the District Court appears to have focused only on the Appellant's relationship to the charged conduct, rather than all relevant conduct, we will reverse and remand for resentencing before the District Court.[3]

---

[1] The District Court had subject matter jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

[2] The Guidelines range without the minor role adjustment was 24 to 30 months.  If Cushard had received the minor role adjustment, the Guidelines range would have been reduced to 18 to 24 months.

[3] Here, the Government has not argued that the error in interpreting the Guidelines was harmless.  *See United States v. Hawes*, 523 F.3d 245, 253 (3d Cir. 2008) ("As the party defending the sentence imposed, the government bears the burden of 'persuad[ing]

Because we write primarily for the parties, we need not discuss the specific facts underlying Cushard's conviction or his wife Linda Cushard's related conviction of stealing funds in violation of 18 U.S.C. § 2314. It is sufficient to note that Linda Cushard stole "an astonishing amount of money" from her employer, and this money was then spent by both Mr. and Mrs. Cushard for personal purposes. App. at 18, 35-36. Mr. and Mrs. Cushard entered guilty pleas pursuant to "wired" plea agreements.[4] A "wired" plea agreement has been described as one "in which the agreement of one defendant is conditioned upon the similar agreement of another defendant." *United States v. Vest*, 125 F.3d 676, 679 (8th Cir. 1997).

## I.

### Plea Agreement

The plea agreement expressly states "[t]he defendant and United States agree that the defendant was a minor participant in the criminal activity and the offense level should be decreased by two levels under U.S.S.G. § 3B1.2(b)." App. 10, ECF No. 4, Plea

---

the court of appeals that the district court would have imposed the same sentence absent the erroneous factor.'" (citing *Williams v. United States*, 503 U.S. 193, 203 (1992))). Therefore, we must remand for resentencing. *Id.* at 254.

[4] Both Mr. and Mrs. Cushard attempted to enter guilty pleas, pursuant to wired plea agreements, to interstate transportation of stolen funds in violation of 18 U.S.C. § 2314, but the District Court did not accept Mr. Cushard's guilty plea because he was not able to admit sufficient facts to establish his guilt in light of the fact that he was not involved in the stealing of funds. Later, pursuant to wired plea agreements, Mr. Cushard entered a guilty plea to receipt of stolen funds in violation of 18 U.S.C. § 2315 and Mrs. Cushard entered a guilty plea to interstate transportation of stolen funds in violation of 18 U.S.C. § 2314.

Agreement ¶ 11. The Government now argues that "the record in this case, including the relevant conduct, supported the district court's determination that Cushard was not less culpable than his wife." Appellee's Br. at 5 n.2. After receiving the Government's brief, we directed the Government to respond to Appellant's argument that the Government's brief represented a breach of the plea agreement. The Government emphasizes that its argument on appeal addresses only "the specific claim of procedural error in applying the Guidelines" and states that it "stands behind its recommendation in the plea agreement and at sentencing that Cushard was a minor participant in the offense." Appellee's Br. at 5 n.2. Cushard asserts that the Government is estopped on appeal from arguing a position that is contrary to the plea agreement.

"Whether the government's conduct violates the terms of the plea agreement is a question of law and our review is plenary." *United States v. Badaracco*, 954 F.2d 928, 939 (3d Cir. 1992) (citation and internal quotation marks omitted). After reviewing the Government's supplemental memorandum addressing this issue, we are satisfied that it has not violated the terms of the plea agreement. Specifically, we note that the Government has never withdrawn its recommendation for a minor role adjustment, and we agree that under the terms of the plea agreement, the United States was permitted to argue that the District Court did not commit any procedural error in sentencing Cushard.

## II.

### Minor Role

Both parties agree that "the determination of the defendant's relative culpability for purposes of assessing the applicability of the [minor role] adjustment must be made on the basis of all relevant conduct—namely, all conduct within the scope of [U.S.S.G.] § 1B1.3—and not simply on the basis of the elements and acts referenced in the count of conviction." *United States v. Isaza-Zapata*, 148 F.3d 236, 239 (3d Cir. 1998). The parties dispute whether the District Court properly considered all relevant conduct, or whether it confined its analysis to Cushard's conduct that specifically related to his offense of conviction.

As this court has explained, "[w]e employ a mixed standard of review when considering whether a defendant was entitled to a downward adjustment as a minor participant." *Id.* at 237. This court exercises "plenary review where the district court's denial of a downward adjustment is based primarily on a legal interpretation of the Sentencing Guidelines," but "where the district court's decision rests on factual determinations, we review for clear error." *Id.* Here, Cushard argues that the District Court improperly interpreted the Sentencing Guidelines, so this issue is subject to plenary review. *See also United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2007) (en banc) ("[T]his Court will continue to review factual findings relevant to the Guidelines for clear error and to exercise plenary review over a district court's interpretation of the Guidelines.").

The Government argues that the District Court "in its own words, reviewed the case 'from a big picture perspective' – a view that took in the full panorama of criminal

conduct committed by both Cushard and the only other participant in the offense, his wife Linda Cushard." Appellee's Br. at 12. It further argues that "the district court followed this Court's requirement[ ] to carefully compare Cushard's culpability in receiving the stolen funds to the culpability of his wife in both stealing and receiving them." *Id.* at 13.

Careful review of the transcript, however, reveals that the District Court failed to recognize that "§ 3B1.2 is ultimately concerned with the defendant's relative culpability." *See Isaza-Zapata*, 148 F.3d at 239. In explaining its reasons for denying the minor role adjustment under § 3B1.2, the District Court stated, "[w]ell, you're talking about degrees of culpability. I'm talking about how could he be – it sounds to me like this was an appropriate charge and that the charge itself takes into consideration his role in the offense and that there wasn't anything that was minor about it, if you consider this in the context of the charge."[5] App. at 18-19. When the District Court explicitly stated that it was looking at the issue "from a big picture perspective," it explained that the Court was "having some difficulty determining how [Cushard's] role was minor in the receipt of stolen property when, in fact, that is exactly what he did." App. at 18. The Court concluded by stating it did not "find [Cushard's role] to be minor, given the nature of the charge here." App. at 21.

---

[5] Notably, Cushard's conviction for receipt of stolen funds under 18 U.S.C. § 2315 carries the same statutory maximum and the same guideline range as his wife's conviction of interstate transportation of stolen funds in violation of § 2314.

It therefore appears that the District Court considered Cushard's relative culpability only in relation to the offense of his conviction, rather than his relative culpability (as compared to his wife's culpability) in the entire scheme to steal and use funds from his wife's employer. The Government articulated the distinction as follows:

> The minor role from our standpoint was intended to capture the fact that his conduct[,] in the scheme[,] looking at both pieces, the receiving and the actual front-end theft, was more passive than the role of his wife, who actively worked in the business.

App. at 18. As noted above, the District Court looked "in the context of the charge" but this court has made clear that the District Court is required to base its determination "on the basis of all relevant conduct—namely, all conduct within the scope of [U.S.S.G.] § 1B1.3—and not simply on the basis of the elements and acts referenced in the count of conviction." *Isaza-Zapata*, 148 F.3d at 239. Counsel for Cushard noted that if the District Court just looked at the offense of receiving, then Cushard was a full participant in the receiving offense. He continued,

> I think I understand the Court's position. But I think, Your Honor, I would look - - minor role guideline adjustment looks more broadly. The Court is looking just at the offense. If you just look at the offense of receiving, then I guess he was a full participant in the receiving. And that's what the Court is saying.
>
> But the actual guideline reads, A defendant was a minor participant in any criminal activity. I think you have to look at the broader criminal activity that took place, *which was the stealing of the funds and the using of the funds*. Since Mr. Cushard had nothing to do with stealing the funds whatsoever, he was a minor participant in the criminal activity.

App. at 19-20 (emphasis added).

We recognize that the District Court has broad discretion in sentencing, but it appears that the District Court may have overlooked the need to consider all relevant conduct, rather than focusing only on the charged conduct. It does not appear that the District Court considered all relevant conduct when it denied the minor role adjustment for Cushard. Accordingly, we will remand this matter for resentencing to give the District Court an opportunity to reconsider the sentence in light of our prior authority and the Sentencing Guidelines.