NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 17-3652

UNITED STATES OF AMERICA

v.

ALFREDO CARBAJAL-VALENZUELA,
Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-17-cr-00122-001)
District Judge: Honorable C. Darnell Jones, II

Argued November 8, 2018

Before: AMBRO, SCIRICA, and RENDELL, Circuit Judges

(Opinion filed:  December 12, 2018)

Robert Epstein                     (Argued)
   Assistant Federal Defender
Brett G. Sweitzer
   Assistant Federal Defender, Chief of Appeals
Leigh M. Kipper
   Chief Federal Defender
Federal Community Defender Office for the
   Eastern District of Pennsylvania
601 Walnut Street
The Curtis Center, Suite 540 West
Philadelphia, PA 19106

      Counsel for Appellant

William M. McSwain
  United States Attorney
Robert A. Zauzmer
  Assistant United States Attorney, Chief of Appeals
David E. Troyer
  Assistant United States Attorney
Emily McKillip, Esquire   (Argued)
Office of United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106

     Counsel for Appellee

---

OPINION[*]

---

AMBRO, <u>Circuit Judge</u>

Defendant-appellant Alfredo Carbajal–Valenzuela pled guilty to one count of possession with intent to distribute heroin and was sentenced to a prison term of 57 months, three years of supervised release, and a special assessment of $100. Carbajal claims the District Court misapplied the Sentencing Guidelines when it denied his request for a mitigating role adjustment under U.S.S.G. § 3B1.2. Because the record is unclear whether the District Court used the correct legal inquiry for the mitigating role decision, we remand for resentencing.

## I. Background

While living in Tucson, Arizona, Carbajal borrowed $300 from his cousin for an emergency trip to Mexico to be present for his daughter's open heart surgery. When it

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

came time for repayment, the cousin demanded Carbajal repay the $300 by traveling to Los Angeles and transporting $15,000 in cash on the cousin's behalf. To Carbajal's surprise, when he reached Los Angeles he was given a bag containing more than 8 kilograms of heroin, not the cash he expected. Carbajal protested the bait-and-switch but ultimately relented, agreeing to transport the drugs to Philadelphia on a cross-country bus. He was arrested on his way to Philadelphia and pled guilty in the District Court to one count of possession with intent to distribute.

In the presentence report ("PSR"), the Probation Office proposed an adjusted offense level of 29 and a Guidelines range of 87 to 108 months. In his sentencing memorandum, Carbajal lodged two objections to the PSR Guidelines range, arguing he was entitled to (1) a two-level reduction under the "safety valve" provisions of U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f), and (2) a two- to four-level mitigating role reduction under U.S.S.G. § 3B1.2. With respect to the latter, Carbajal emphasized the District Court must compare his conduct with the conduct of other participants in the overall drug trafficking scheme.

At sentencing the District Court endorsed the Probation Office's proposed offense level and then proceeded to address Carbajal's two objections. It granted his safety-valve request but denied the request for a mitigating role reduction. The denial's reasoning was as follows:

> As to the defendant's objection regarding the defendant not qualifying as a minimal participant or even a minor participant, that objection is overruled, the totality of the facts in this case and circumstances in this case and the Court considers everything that was present[ed] to it, nevertheless, the Court cannot find that based upon the monies involved, the quantity involved, the distance

3

traveled and the other surrounding circumstances, that this defendant was a minimal participant or even a minor participant. Therefore, that objection is overruled.

(Appellant's Br. at 8.)

The District Court then weighed the sentencing factors under 18 U.S.C. § 3553(a) and entered a sentence of 57 months' imprisonment, three years of supervised release, and a special assessment of $100. It asked counsel whether they had any final objections. The Government's lawyer said no, but Carbajal's counsel reiterated his objections "that have previously been argued," in response to which the Court "noted [the objections] for the record," and stated, "you have an exception."

## II. Discussion[1]

We review for clear error a district court's decision to deny a mitigating role adjustment. *See United States v. Self*, 681 F.3d 190, 200 (3d Cir. 2012). But we review *de novo* the legal inquiry it used to reach that decision. *See United States v. Isaza–Zapata*, 148 F.3d 236, 237–38 (3d Cir. 1998).

The Government contends we should review the mitigating role determination for plain error under *United States v. Flores–Mejia*, 759 F.3d 253 (3d Cir. 2014) (*en banc*), because Carbajal did not make a post-sentencing objection to the District Court's mitigating role decision. We disagree here. For even assuming the *Flores–Mejia* objection requirement applies to a defendant's request for a mitigating role adjustment, that requirement was satisfied in this case. Carbajal lodged an objection based on the mitigating role Guideline in his sentencing memorandum, restated that objection during

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

4

the sentencing, and did so again by reference to his prior objections when the District Court asked for final objections. It even noted an "exception," acknowledging that Carbajal made a post-sentencing objection to the sentence. In these circumstances, *Flores–Mejia* does not trigger plain error review.

To determine whether a defendant qualifies for a mitigating role adjustment under U.S.S.G. § 3B1.2, the sentencing court must assess the relative culpability of the defendant compared to participants in the overall criminal activity in which the defendant was involved. *See Isaza–Zapata*, 148 F.3d at 237–38. We have identified several factors that should guide the sentencing court's mitigating role determination, *see United States v. Headley*, 923 F.2d 1079, 1084 (3d Cir. 1991), and the Sentencing Commission has issued comments that provide further guidance on the mitigating role inquiry, *see* U.S.S.G. § 3B1.2 cmt. n.3. Where a district court does not perform the required comparative analysis, we generally remand for resentencing. *See Isaza–Zapata*, 148 F.3d at 237–38; *United States v. Cushard*, 454 F. App'x 87, 90 (3d Cir. 2011).

Based on the sentencing record, we are unable to determine whether the Court here engaged in the comparative analysis the mitigating role reduction inquiry requires. In explaining its denial, the Court highlighted the quantity of drugs involved and the distance Carbajal traveled with them. Although these features of Carbajal's criminal activity are relevant to the analysis, *see* U.S.S.G. § 3B1.2 cmt. nn.3(C) & (C)(iv) (providing for a "fact-based determination," which includes consideration of "the nature and extent of the defendant's participation in the commission of the criminal activity"), the record does not confirm the District Court compared Carbajal's culpability to that of

5

other participants using the *Headley* factors.  The reference to "other surrounding circumstances" is too general a statement to save its analysis.  We therefore remand for resentencing.  *See Isaza–Zapata*, 148 F.3d at 238 (remanding for resentencing where record was unclear on "whether the court denied the downward adjustment based on a proper legal interpretation of the mitigating role provision").